UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ARTHUR LEE GARRISON, | Case No. 3:17-cv-00391-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS DIRECTOR, *et al.*, | |
| Defendants. | |

**I. DISCUSSION**

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*, addendums to his complaint, and two motions for appointment of counsel. (ECF Nos. 1, 1-1, 1-15, 3, 4, 5, 6). Plaintiff's second motion for appointment of counsel also requests an appointment of a guardian ad litem pursuant to Federal Rule of Civil Procedure 17(c)(2). (ECF No. 6 at 4).

As an initial matter, the Court dismisses Plaintiff's complaint and addendums, without prejudice. Plaintiff's complaint is 415 pages long. (*See* ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11, 1-12, 1-13, 1-14). Throughout the 415-page complaint, Plaintiff intersperses his allegations with numerous exhibits. (*See id.*) Plaintiff also seeks to add more pages to his complaint through multiple addendums. (ECF Nos. 3, 4, 5). Plaintiff's complaint, as drafted, fails to comply with the Federal Rules of Civil

Procedure and is unintelligible for screening purposes.[1] Although the Court grants Plaintiff leave to file an amended complaint in accordance with the Federal Rules of Civil Procedure, the Court defers an amendment until after the Court evaluates Plaintiff's competency under Federal Rule of Civil Procedure 17(c)(2).

Under Rule 17(c),"[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

Plaintiff's second motion for appointment of counsel states that he has serious mental health issues that prevent him from articulating his claims such that a guardian ad litem should be appointed. (ECF No. 6 at 4.) Plaintiff's complaint and addenda also generally reference alleged mental health issues.

Plaintiff has not set forth specific facts or circumstances that would lead the court to believe he is incompetent and unable to represent his interests in this litigation at this juncture, but the court will nevertheless set a preliminary telephonic status conference to address whether there is a substantial question regarding Plaintiff's competence.

In advance of the hearing, Plaintiff shall file any documentation he has to support his claim of incompetence. The court will also order the Attorney General's Office to enter a limited notice of appearance for the telephonic status conference addressing Plaintiff's

---

[1] Pursuant to Federal Rule of Civil Procedure 8, Plaintiff's complaint must contain "*a short and plain* statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* A 415-page complaint is not "short and plain."

Additionally, a basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "However, unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

competence, and will require the Attorney General's Office to file under seal any mental health records, medical or other records that are relevant to Plaintiff's mental health or competence.

## II. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

**IT IS FURTHER ORDERED** that the complaint and addendums (ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11, 1-12, 1-13, 1-14, 3, 4, 5) are dismissed without prejudice.

**IT IS FURTHER ORDERED** that leave to file an amended complaint is deferred until after Plaintiff's competency is evaluated.

**IT IS FURTHER ORDERED** that the motions for appointment of counsel/guardian ad litem (ECF Nos. 1-15, 6) are deferred.

The court will issue a separate order setting a preliminary telephonic status conference to address whether there is a substantial question regarding Plaintiff's mental competence. In advance of the hearing, Plaintiff shall file any documentation he has to support his claim of incompetence.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall electronically serve a copy of this Order on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

Within **twenty-one (21) days** of the date of this Order, the Attorney General's Office shall enter a limited notice of appearance for the telephonic status conference addressing Plaintiff's competence. No defenses or objections, including lack of service, shall be waived as a result of filing the limited notice of appearance.

In advance of the hearing, the Attorney General's Office shall file under seal any mental health records, medical or other records that are relevant to Plaintiff's mental health or competence.

**IT IS SO ORDERED**.

DATED: June 12, 2018.

_____
UNITED STATES MAGISTRATE JUDGE