# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ARTHUR LEE GARRISON, | ) | 3:17-cv-00391-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | Re: ECF Nos. 19, 20 |
| NEVADA DEPARTMENT OF CORRECTIONS DIRECTOR, *et al.*, | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's "Motion to Consider to Seal Request of Reconsideration of Appointment of Counsel" (ECF No. 19) and "Reconsideration for Appointment of Counsel" which was filed under seal (ECF No. 20). Plaintiff's Reconsideration for Appointment of Counsel (ECF No. 20) appears to seek reconsideration of this court's order of July 23, 2018 (ECF No. 18), which denied Plaintiff's motion for appointment of counsel. Plaintiff's motion (ECF No. 20) contends that "AG I. Carr in a underhanded way supplied the court with deceit, and false important information. The Plaintiff will show, and prove to the courts several allegations that will show that the AG and Dr. N. Wood was deceitful in order to gain Judge's favor over Plaintiff." (*Id.* at 3.) Plaintiff further alleges "the AG's office or Mr. I. Carr falsely told the Judge in U.S. District Court, that Dr. M. Wood's report on his exam of Plaintiff, was to been given to Plaintiff on time, when in fact it was not til 7-24-18 one day after the 7-23-18 tele-conf because they did not want the Plaintiff to address the lies, and deceit on the report." (*Id.*)

///

Most of Plaintiff's argument appears, however, to be directed to this court's finding (ECF No. 18) that there was no "substantial question" as to Plaintiff's mental competence and the denial of Plaintiff's request to appoint Plaintiff a guardian ad litem contained within his motion to appoint counsel (ECF No. 6). However, Plaintiff once again also requests the court revisit its decision not to appoint counsel. The court will address each component of Plaintiff's motion separately.

**I.     Reconsideration of Mental Competency**

Other than Plaintiff's restated complaints of misconduct by the Office of the Attorney General and NDOC's medical staff, Plaintiff's motion presents no new information, medical or psychological, which would cause the court to reverse its prior decision on the apparent mental competency of Plaintiff.

The component of Plaintiff's motion related to reconsideration of the court's finding there is no substantial question as to Plaintiff's competency is **DENIED**.

**II.    Denial of Appointment of Counsel**

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331.

With respect to the *Terrell* factors, Plaintiff has not demonstrated exceptional circumstances which prevent Plaintiff from articulating his claims. As reflected in the Minutes of Proceedings of the court's hearing on July 23, 2018, Plaintiff is not currently prescribed any psychiatric medication and found there is no substantial question as to Plaintiff's mental competence. (ECF No. 18 at 2.) The

court found Plaintiff to be able to articulately and knowledgeably discuss and argue the issues addressed by the court at the July 23, 2018, hearing.

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims. Plaintiff does not address this element in his motion, which is a requirement of the Court of Appeals for the Ninth Circuit. *See*, *Wilborn*, *supra*; *Terrell*, *supra*.

Plaintiff states that as a *pro se* inmate, he is hampered by his inability to investigate the claims and defenses, pursue depositions, interview witnesses, etc. While any *pro se* inmate such as Mr. Garrison would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

The Court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the Court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Those exceptional circumstances do not exist in this case and Plaintiff's motion for appointment of counsel is denied.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion to Seal Request for Reconsideration (ECF No. 19) and Motion for Reconsideration of Appointment of Counsel (ECF No. 20).

Plaintiff is again reminded that pursuant to the court's orders (ECF Nos. 9, 17), the deadline to file Plaintiff's Amended Complaint is **August 24, 2018**.

**IT IS SO ORDERED.**

DATED: August 7, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE