UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Arthur Lee Garrison, | Case No. 3:17-cv-00391-MMD-WGC |
| Plaintiff, | |
| v. | ORDER |
| Nevada Department of Corrections, *et al.*, | |
| Defendants. | |

Plaintiff Arthur Lee Garrison, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a first amended civil rights complaint pursuant to 42 U.S.C. § 1983, a motion for correction, a motion for leave to file a correction to four pages, a motion for screening order, and has filed an application to proceed *in forma pauperis.* (ECF Nos. 1, 22, 23, 24, 27.) The matter of the filing fee (ECF No. 1-1) will be temporarily deferred. The Court grants Plaintiff's motion for leave to file a correction to four pages (ECF No. 24), as those corrections are only clarifications of the correct case number for the instant case. The Court notes that Plaintiff's motion for correction (ECF No. 23) contains a complete complaint with corrections to the first amended complaint (ECF No. 22). The Court therefore will grant the motion for correction, screen the attached complaint (ECF No. 23) and treat it as Plaintiff's second amended civil rights complaint ("SAC") pursuant to 28 U.S.C. § 1915A.

As an initial matter, the Court notes and appreciates that Plaintiff has responded to the instructions given in the Court's Order (ECF No. 17) by filing a shorter, clearer SAC. However, the allegations in the SAC are insufficient to state a claim. Due to the deficiencies in the SAC (ECF No. 23) noted below, the Court dismisses the SAC and gives Plaintiff leave to amend a third amended complaint. The Court instructs Plaintiff to

use the below information as a guide in preparing his third amended complaint, should he wish to do so.

## I.    SECOND AMENDED COMPLAINT

In the SAC, Plaintiff sues for events that occurred at Ely State Prison ("ESP"), High Desert State Prison ("HDSP"), and Northern Nevada Correctional Center ("NNCC"). (ECF No. 23 at 4-10.) Plaintiff makes claims against twenty-four defendants, including the following: NDOC Utilization Review Committee; Assistant NDOC Medical Director, John Doe; HDSP Practitioner, Marle Vidal; NDOC;  HDSP Lieutenant, Brown; two HDSP Nurses, Jane Doe 1 and Jane Doe 2; HDSP Medical Department; HDSP Pain Specialist, Dr. E. Albana; ESP Counselor, Joe Miller; ESP Counselor, Sandoval; ESP Correctional Officers, Hall and Ly; ESP Registered Nurse, A. Gregerson; ESP Doctor, Michael Koehn; two Radiology Technicians at Ely Hospital, Jane Does 3 and 4; Ely Hospital and Radiology Department; NDOC ENT Specialist, John Doe; NNCC Registered Nurse, Malissa; NNCC Nurse, Kathy; NNCC Head of Nursing, John Keast; NNCC Correctional Officer Fonsaca; and Medical Director, Romero Aranas.[1] (*Id.* at 7-10.) Plaintiff states four Counts for deliberate indifference in violation of the Eighth Amendment and seeks both declaratory relief and damages. (*Id.* at 16, 17.)

### A.    Facts Alleged

Plaintiff is literate below a high school level and does not understand litigation. (ECF No. 23 at 4.)

Doctors at HDSP did not want to treat Plaintiff's throat problems. (*Id.* at 4.) The

---

[1]As a general rule, the use of "Doe" pleading to identify a defendant is not favored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, the Court recognizes that there are situations "where the identity of alleged defendants will not be known prior to the filing of a complaint." *Id.* "In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.*

Investigator General ("I.G.") ordered two appointments for Plaintiff's throat problems, as well as a cancer screening prostate scope, due to Plaintiff's [rectal] bleeding and soreness. (*Id.*) NDOC did not acknowledge the order. (*Id.*)

A cyst was found in Plaintiff's throat by Doe ENT in Las Vegas, Nevada. (*Id.*) During the treatment of the cyst, Plaintiff's throat condition worsened, and eating and swallowing became difficult. (*Id.*)

In April of 2015, Doe ENT did not take a CAT Scan of Plaintiff, leaving Plaintiff in pain for months before having surgery in October 2015. (*Id.* at 15.) Also in April 2015, Defendant Vidal told Plaintiff he had another ENT appointment scheduled in a few weeks, and prescribed Plaintiff more of the antibiotics the first ENT had given Plaintiff. (*Id.* at 5, 11.)

On approximately May 30, 2015, Defendants Utilization Review Committee ("URC") denied Plaintiff a visit with a specialist to have an "otacpoipic scope," which was ordered by the I.G. at the same time as Plaintiff's throat ENT scope. (*Id.* at 11.) Despite Plaintiff's bleeding and soreness, Defendant Aranas and the URC denied Plaintiff the order by the I.G. and Jake. (*Id.*)

On June 9, 2015, Defendants NDOC, Faliszek, and Nash, transferred Plaintiff to ESP, away from the ENT doctor who had found a cyst in Plaintiff's throat, and from whom Plaintiff required further treatment due to possible cancer polyps, as Jake and the I.G. had ordered. (*Id.*) Plaintiff also did not receive his prostate cancer scope. (*Id.*) Additionally, persons at ESP took Plaintiff's medication, and Defendant Dr. Koehn denied Plaintiff his medication as well as a return to ESP to see the ENT. (*Id.* at 5.)

It took approximately four months for Plaintiff to get a transfer back to HDSP. (*Id.*) Plaintiff was then rushed to a CAT Scan and an ENT, who found that Plaintiff had a massive infection in his head in addition to the cyst. (*Id.*) Plaintiff was then scheduled for surgery. (*Id.*)

On October 18, 2015, at 11:30 a.m., despite Plaintiff informing Defendant Brown

that his throat was still bleeding from surgery, and despite Plaintiff's doctor not releasing Plaintiff until October 26, 2015,[2] Brown moved Plaintiff from the HDSP medical unit to a non-medical unit with no medical staff. (*Id.* at 12.) This move was made during a 40-50 mile per hour dust storm, and Plaintiff was not given a protective dust mask. (*Id.* at 5.) Plaintiff was not given his pain pills or doctor ordered diet for more than 20 hours, and his new cell had no call button or nurses available. (*Id.* at 5, 12.)

The next day, on October 19, 2015, after a day in the non-medical unit, Plaintiff was taken to town [Ely Hospital]. (*Id.* at 12.) Nurse Jane Doe had an order to get a stool sample [from Plaintiff] on October 19, 2015. (*Id.*) On October 22, 2015, Nurse Doe told a doctor that Plaintiff was in bad shape after Plaintiff experienced severe diarrhea and vomiting. (*Id.*) Plaintiff was then given an IV stint and four bags of fluids. (*Id.*) The ENT released Plaintiff on October 25, 2015.[3] (*Id.*)

From January 2016 to April 18, 2016, Defendant Gregerson kept Plaintiff from receiving his prescribed medication. (*Id.* at 14.) When Plaintiff was in a non-medical unit, Defendant Albana, pain specialist, told Plaintiff to use relaxation techniques for pain rather than the doctor's [pain medication] prescription. (*Id.* at 13.) On February 2, 2016, Defendant Dr. Koehn told Plaintiff he did not care about appropriately treating Plaintiff because Koehn was leaving ESP in a few months. (*Id.* at 14.)

Around July 30, 2016, at ESP, Defendants Ly and Hall put dirty inmate clothing and bedding onto a food cart, then fed Plaintiff off the dirty cart. (*Id.* at 6, 13.) Around September 2016, Defendants Miller and Sandoval refused to speak to Plaintiff to settle informal grievances, in violation of OP 723.2. (*Id.* at 13.) Plaintiff has many disabilities, but Jane Doe Radiology techs, and Ely Hospital, caused Plaintiff distress and pain by

---

[2]Plaintiff writes this date as "October 26, 2018," but given the context of the rest of the paragraph, the Court assumes that this is a typographical error, and the correct date is October 26, 2015.

[3]Plaintiff writes this date as "October 25, 2018," but given the context of the rest of the paragraph, the Court assumes that this is a typographical error, and the correct date is October 25, 2015.

reading his x-rays incorrectly, and NDOC refuses to classify Plaintiff as disabled. (*Id.* at 6, 14.)

Defendant Malissa at NNCC left Plaintiff to suffer in great pain because she knew he was at NNCC for a CAT Scan, but she took 10 months to schedule Plaintiff for the scan, from November 19, 2016 until September 2017. (*Id.* at 15.) Malissa also forced Plaintiff to go without his medication. (*Id.*)

On June 5, 2017, Plaintiff was supposed to only be in a belly chain, however Defendant Fonsaca placed Plaintiff in a belly chain and cuffs getting out of the shower, leading to a violent fall. (*Id.*) It took Plaintiff over a month to see a doctor for his injuries. (*Id.* at 6.) The fall caused Plaintiff great pain and ongoing problems, some of which are worse due to lack of treatment. (*Id.* at 6, 15-16.)

Defendant Kathy would not treat Plaintiff after a fall. (*Id.* at 15.)

Defendant Keast, head of NNCC nursing, knew of these problems but failed to correct them. (*Id.*)

### B.   Improper Defendants

As an initial matter, Court dismisses, with prejudice, all claims against NDOC because NDOC is an arm of the State of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.,* 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nevada Dep't of Corr.,* Case No. 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010). The Court also dismisses Defendant Utilization Review Committee with prejudice, as amendment would be futile, based on Eleventh Amendment sovereign immunity. *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature").

///

///

### C.  Deliberate Indifference Legal Standard

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan,* 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel,* 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

### D.  Analysis

The Court finds that Plaintiff may state colorable claims for violation of the Eighth Amendment for failure to appropriately treat his serious medical needs. However, Plaintiff fails to state sufficient facts to allow this Court to infer that such violations occurred.

For each violation, Plaintiff should state the name and/or title of the person who acted to violate his rights, what they did or did not do to violate his rights, when or approximately when the action or inaction occurred, why that person knew Plaintiff had a serious medical need, and what harm Plaintiff suffered as a result of not having his medical need appropriately treated. Further, it would help the Court if Plaintiff could place these facts in chronological order, *i.e.* in the order they happened, and put all the details of a specific event together. Finally, Plaintiff should make sure to list all his named Defendants.

The following is a non-exhaustive list of examples of the deficiencies in Plaintiff's SAC. Plaintiff names Nash as a person who violated his rights (ECF No. 23 at 11), but did not list Nash in his Defendant list. Plaintiff claims that the I.G. ordered a prostate scope due to his bleeding and soreness (*id.* at 4), but does not state what kind of bleeding he was having, when the order was given and to whom, or who at NDOC ignored the order. Plaintiff claims a cyst was found on his throat by Doe ENT (*id.*), but not when that cyst was found. Plaintiff claims that Doe ENT did not take a CAT Scan on Plaintiff in April 2015 (*id.*), leaving Plaintiff in pain, but does not state why a CAT Scan would be medically necessary. Plaintiff states he had bleeding and soreness, and despite that Aranas and the Utilization Review Committee denied Plaintiff an "otacpoipic scope" (*id.* at 11), but the Court is not clear where Plaintiff was having bleeding and soreness, or for how long, and is not sure what an otacpoipic scope is (despite an internet search) or what its purpose may be.

Plaintiff states that persons at ESP took his medication and that Dr. Koehn would not give Plaintiff more (*id.*), but failed to tell the Court what medication was taken or denied and what its purpose was. Plaintiff states that Koehn denied Plaintiff a transfer back to HDSP, and that when Plaintiff was finally transferred back he was rushed to get a CAT scan and see an ENT, where he was found to have a massive infection in his head (*id.* at 5), but Plaintiff fails to state what his symptoms were that made a transfer necessary or

how long Plaintiff experienced those symptoms. Plaintiff states that he was scheduled for surgery (*id.*) but not what surgery he had or when. Plaintiff states that on October 18, 2015 he was transferred by Brown after surgery to a non-medical unit, and that he was not given his pain pills or doctor ordered diet for more than 20 hours (*Id.* at 12), but not who denied him the pain pills or diet. Plaintiff states that he was taken to town on October 19, 2015 (*id.*) but not where he was taken, though the Court infers he was taken to the hospital, or what his symptoms were that caused him to be taken to that hospital, or what diagnoses he had while there.

There are numerous other examples of such factual omissions and deficiencies in the SAC. (*See id.* at 6, 13-15.) Due to the above deficiencies, the SAC is dismissed in its entirety for failure to state a claim, without prejudice, and with leave to amend.

## III.    LEAVE TO AMEND

Plaintiff is granted leave to file a third amended complaint to cure the deficiencies of the SAC. In any potential amended complaint, Plaintiff must name as Defendants the person or persons he believes violated his rights, rather than a state or state entity. If Plaintiff is not currently aware of the true identities of those persons, he may name them as Doe Defendants.

If Plaintiff chooses to file a third amended complaint he is advised that a third amended complaint supersedes the original and amended complaints and, thus, the third amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). That means that Plaintiff's third amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Plaintiff should write out all his factual allegations in his third amended complaint rather than relying on exhibits at this stage of the litigation. Moreover, Plaintiff must file the third

amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Third Amended Complaint."

The Court notes that if Plaintiff chooses to file a third amended complaint curing the deficiencies, as outlined in this order, Plaintiff must file the third amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file a third amended complaint, the Court will dismiss this action with prejudice for failure to state a claim.

**IV.    CONCLUSION**

It is therefore ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that the first amended complaint (ECF No. 22) is dismissed as moot.

It is further ordered that the motion for leave to file a correction to four pages (ECF No. 24) is granted.

It is further ordered that the motion for screening order (ECF No. 27) is denied as moot.

It is further ordered the motion for correction (ECF No. 23) is granted. The Clerk of the Court will docket ECF No. 23 at 3-70 as the second amended complaint.

It is further ordered that the second amended complaint (ECF No. 23 at 3-70) is dismissed in its entirety for failure to state a claim, without prejudice and with leave to amend.

It is further ordered that Defendants Nevada Department of Corrections and the Utilization Review Committee are dismissed from this case with prejudice as amendment would be futile.

It is further ordered that if Plaintiff chooses to file a third amended complaint curing the deficiencies of his second amended complaint, as outlined in this order, Plaintiff must file the third amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his second amended complaint (ECF No. 23 at 3-70). If Plaintiff chooses to file a third amended complaint, he must use the approved form and he must write the words "Third Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that if Plaintiff fails to file a third amended complaint curing the deficiencies outlined in this order, this action will be dismissed with prejudice for failure to state a claim.

DATED THIS 5th day of November 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE