UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR LEE GARRISON,<br><br>  Plaintiff<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et. al.,<br><br>  Defendants | Case No.: 3:17-cv-00391-MMD-WGC<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF No. 61 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed a Motion for Temporary Restraining Order and/or Preliminary Injunction seeking an order enjoining Defendants from transferring him from his current housing assignment at Lovelock Correctional Center (LCC). (ECF No. 61.)[1] Defendants filed a response. (ECF No. 65.) Plaintiff filed an untimely reply. (ECF No. 78.)

After a thorough review, it is recommended that Plaintiff's motion be denied.

## **I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Third Amended Complaint (TAC), ECF No. 34.) The events giving rise to this action took place while Plaintiff was housed

---

[1] Plaintiff filed a second motion for preliminary injunction on October 15, 2019, where he requests an order requiring defendants to transport him to see a specialist related to his throat pain. The court has concurrently issued an order directing Defendants to file a response and relevant medical records as to that motion, and will set the matter for a hearing.

at High Desert State Prison (HDSP) and Ely State Prison (ESP). (*Id.*) He is currently housed at Lovelock Correctional Center (LCC). Plaintiff was allowed to proceed with claims against defendants Guy Brown, Julie Matousek, and Doe Prison Officials (once Plaintiff identifies them).

On screening the TAC, Plaintiff was allowed to proceed with a retaliation claim and an Eighth Amendment deliberate indifference to serious medical needs claim. (Screening Order, ECF No. 35.)

The retaliation claim is against Doe prison officials and is based on allegations that Plaintiff filed several grievances and complained to the Inspector General's Office about his inability to see an ear, nose and throat specialist (ENT) for his throat pain, and Doe prison officials transferred him to ESP before he obtained his throat surgery in retaliation for filing grievances.

The Eighth Amendment claim is based on allegations that prison officials and medical staff knew Plaintiff had severe throat pain, but did nothing to treat it. After he contacted the Inspector General's Office, prison officials sent him to an ENT who diagnosed him as having a large cyst in his throat and recommended immediate surgery. Before he could receive the surgery, prison officials transferred him to ESP, where Matousek took away his medication for four months. When he returned to see the ENT after four months, he had a massive infection. Again, prison officials took away his medication to treat the infection. When he finally had his overdue throat surgery, Brown took away his medication causing another severe infection in his throat.

///

In his motion for temporary restraining order and/or preliminary injunction, Plaintiff seeks an order enjoining defendants from transferring Plaintiff due to "court and his medical needs," asserting that they allegedly transferred in the past in retaliation for filing grievances.

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted). ). The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an

injunction, assuming the other two elements of the *Winter* test are met." *Alliance for the Wild Rockies v. Cottress*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

## III. DISCUSSION

Plaintiff states that he was transferred from Northern Nevada Medical (NNCC) to LCC in retaliation for filing grievances, though he does not describe who retaliated against him. He acknowledges, however, that he has received medical care while at LCC. He argues that he is likely to succeed on the merits because prisoners have a right not to be retaliated against for filing grievances. He states that Defendants transfers have created mental, emotional and physical stress on Plaintiff. In his conclusion, he asks that he be housed at LCC, and that he not be retaliated against further.

Defendants argue that Plaintiff's relief is "unfounded" as the named Defendants do not work at LCC and have no control or authority to make such decisions. They argue he has no evidence to prove he is likely to succeed on the merits, there is no threat of irreparable harm, and the balance of equities and public interest do not weigh in favor of injunctive relief.

Plaintiff has provided no evidence that there is any likelihood he is going to be transferred from LCC; therefore, he has not shown a likelihood of irreparable injury. Moreover, a prisoner does not have a right to be placed in a particular facility within the State's prison system. Nor is the court permitted to second-guess the prison's decisions regarding a prisoner's classification to a particular facility. *See Meachum v. Fano*, 427 U.S. 215, 223-24 (1976). Therefore, the court cannot order the relief Plaintiff seeks under these circumstances.

Prison officials *do* have a constitutional obligation not to retaliate against inmates for engaging in protected activity such as writing grievances or filing lawsuits. Prison officials likewise have an obligation to provide inmates with adequate medical care and to refrain from acting with deliberate indifference to a serious medical need. Plaintiff has not demonstrated that there is any likelihood he will be transferred from his current housing facility at LCC, and admits he is receiving adequate medical care at LCC.[2] As such, neither the balance of equities nor public interest tips in Plaintiff's favor. Therefore, Plaintiff's motion for a temporary restraining order and/or preliminary injunction should be denied.

## **IV. RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for temporary restraining order and/or preliminary injunction (ECF No. 61).

---

[2] He states that he has been taken to doctor's appointments, had ultrasounds, etc. His second motion for a preliminary injunction does request that he be transported to an ear, nose and throat specialist, and that request will be addressed separately.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: October 18, 2019.

_____
William G. Cobb
United States Magistrate Judge