UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ARTHUR LEE GARRISON,

Plaintiff,

v.

LT. BROWN, *et al.*,

Defendants.

Case No. 3:17-cv-00391-MMD-WGC

ORDER

## I. SUMMARY

Plaintiff Arthur Lee Garrison, who is currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), sued prison officials under 42 U.S.C. § 1983 for violating his rights under the Eighth Amendment, and for retaliation, for providing him allegedly inadequate care for his throat—which is painful, contained a large cyst, and became infected. (ECF No. 34.) Before the Court are the report and recommendation of United States Magistrate Judge William G. Cobb (ECF No. 80) ("R&R"), which recommends denying Plaintiff's motion for a temporary restraining order and/or preliminary injunction requiring he not be moved from Lovelock Correctional Center ("LCC") (ECF No. 61), and Plaintiff's motion for reconsideration (ECF No. 67) ("Plaintiff's Motion") of Judge Cobb's order denying his request for appointment of counsel (ECF No. 55). The deadline for Plaintiff to object to the R&R has passed, but he has not filed an objection to it. As further explained below, the Court will accept and adopt the R&R in full, and deny Plaintiff's Motion. The Court first addresses below the R&R, and then Plaintiff's Motion.

## II. THE R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, the Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&R. Judge Cobb recommends denying Plaintiff's motion for a temporary restraining order and/or preliminary injunction prohibiting the NDOC from moving him from LCC both because Plaintiff presented no evidence that NDOC intended to move him, so he had not shown any likelihood of irreparable injury, and because an incarcerated person has no constitutional right to be housed at a particular institution within a correctional system. (ECF No. 80 at 5-6.) Upon reviewing the R&R and the underlying records, the Court agrees with Judge Cobb's

recommendation to deny Plaintiff's motion for a temporary restraining order and/or motion for preliminary injunction (ECF No. 61).[1]

### III. PLAINTIFF'S MOTION

With respect to Plaintiff's Motion (ECF No. 67), he objects to Judge Cobb's order denying his motion for appointment of counsel (ECF No. 55). The Court will deny Plaintiff's Motion because the Court finds that Judge Cobb's decision was not clearly erroneous or contrary to law.

Under LR IB 3-1, 28 U.S.C. § 636(b), and Fed. R. Civ. P. 72, the Court may reconsider a Magistrate Judge's pre-trial order where the order is timely objected to and clearly erroneous or contrary to law. The Court reviews the Magistrate Judge's order *de novo*, but recognizes that the decision to refuse to request counsel pursuant to 28 U.S.C. § 1915(e)(1) is discretionary. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir.1998).

The Court may only request counsel in exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991). In order to determine whether exceptional circumstances exist, the Court must consider "the likelihood of success on the merits" as well as the ability of the plaintiff to articulate his arguments "in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation and internal quotation marks omitted). Neither of these considerations is dispositive—the Court must examine them together. *See id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Judge Cobb found that Plaintiff has demonstrated an ability to articulate his claims in his motions, and his three amended pleadings, the most recent of which survived screening. (ECF No. 55 at 2.) Further, Judge Cobb found that Plaintiff is unlikely to succeed on the merits, and has not otherwise demonstrated the existence of the exceptional circumstances required to appoint counsel. (*Id.* at 2-3.) As Plaintiff has shown

---

[1] Plaintiff later filed another motion for a preliminary injunction. (ECF No. 77.) This order does not address that motion. Judge Cobb has set a hearing on that motion. (ECF No. 94.)

3

1 sufficient ability to articulate his claims, this action does not involve substantial legal complexity, and Plaintiff has not shown a likelihood of success on the merits, the Court finds that Judge Cobb's denial of Plaintiff's motion for appointment of counsel was not clearly erroneous or contrary to law. The Court will thus deny Plaintiff's Motion.

### IV. CONCLUSION

The Court notes that Plaintiff made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the report and recommendation of Magistrate Judge William G. Cobb (ECF No. 80) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's motion for temporary restraining order and/or preliminary injunction (ECF No. 61) is denied.

It is further ordered that Plaintiff's motion objecting to Judge Cobb's order denying his motion for appointment of counsel (ECF No. 67) is denied.

DATED THIS 15th day of November 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE