# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ARTHUR LEE GARRISON,

    Plaintiff,

v.

JENNIFER NASH, *et al.*,

    Defendants.

Case No.: 3:17-cv-00391-MMD-WGC

**Order**

Re: ECF Nos. 101, 106, 108, 109, 116, 117, 121, 122, 123, 125, 126, 127

## I. Background

Plaintiff is an inmate incarcerated within the Nevada Department of Corrections (NDOC), proceeding pro se with this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on June 22, 2017. (ECF Nos. 1, 1-1 to 1-15.) He filed a first amended complaint and supplements before the court screened the original complaint. (ECF Nos. 3, 4, 4-1, 5.) On June 12, 2018, the court dismissed the original complaint without prejudice and deferred ruling on any amendment until Plaintiff's competency could be evaluated under Federal Rule of Civil Procedure 17(c)(2) as he had requested the appointment of counsel and/or a guardian ad litem. (ECF No. 9.) The court took evidence from the Attorney General's Office and Plaintiff, and held a hearing, and found there was not a substantial question as to Plaintiff's competency and denied his motions for appointment of counsel and guardian ad litem. (*See* ECF Nos. 17, 18). Plaintiff was permitted to file an amended complaint that had to be complete in and of itself and comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that the pleading contain a short and plain statement of the claim showing he is entitled to relief. The court reiterated that it would not accept piecemeal filings to constitute Plaintiff's pleading. (ECF No. 17.)

On August 14, 2018, Plaintiff filed his amended complaint (actually the second amended complaint (SAC)), and then filed a motion for correction and complete proposed SAC (ECF No. 23). On November 5, 2018, the court screened the SAC and found the allegations were insufficient to state any claim, dismissed the SAC, and gave Plaintiff leave to file a third amended complaint (TAC). (ECF No. 32.)

Plaintiff filed the TAC on November 27, 2018. (ECF No. 34.) The court screened the TAC on December 3, 2018. Plaintiff was allowed to proceed with a retaliation claim against Doe prison officials (once he identified them) based on allegations that he filed several grievances about his inability to see an ear, nose and throat (ENT) doctor for pain in his throat, and officials transferred him to Ely State Prison (ESP), the supermax prison, before he obtained throat surgery. He was also allowed to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against defendants Matousek, Brown, and Doe prison officials based on allegations that they knew he had severe throat pain but they did not adequately treat him, and took away his medications causing further pain and harm. (ECF No. 35.)

After being granted an extension of time, defendants Brown and Matousek filed their answer on June 20, 2019. (ECF No. 49.) The court entered the initial scheduling order the following day. (ECF No. 50.) The scheduling order gave deadlines for discovery and dispositive motions, but inadvertently left out the deadline for filing amended pleadings or adding parties.

On October 23, 2019, Plaintiff filed a document titled "amended complaint from 1st set of interrogatories dated 10-23-2019- Defendants found for Date 10-23-19." (ECF No. 83.) He stated that there are correctional officer sergeant, lieutenant, nurses, wardens, counselors, doctors, providers from High Desert State Prison (HDSP), ESP, Northern Nevada Correctional Center (NNCC), and Central Office and doctors "yet employe[d]" by NDOC by contract or other means

who are responsible for the retaliation and deliberate indifference. Plaintiff did not identify the referenced individuals or file a proposed amended complaint. Nor did he include a proposed amended complaint in compliance with Federal Rule of Civil Procedure 15 and Local Rule 15-1. The court advised Plaintiff that if he wished to seek leave to file a fourth amended complaint it would supersede the original and all other amended complaints and had to be complete in and of itself. The court explained that this meant that if he chose to file it, the fourth amended complaint had to contain all claims, defendants, and factual allegations that Plaintiff wanted to pursue in this lawsuit. The court also noted that if Plaintiff was merely seeking to substitute in the names of specific individuals in place of the Doe defendants, he should make a motion to that effect—specifically identifying what causes of action would be referable to the proposed individual who would be substituted into the case. He was cautioned that general reference to correctional officers, nurses, lieutenants, providers, doctors, etc., was insufficient. (ECF No. 85.)

On November 4, 2019, Plaintiff asked for a sixty day extension of time, referencing lengthy interrogatories. (ECF No. 86.) The court interpreted this as a request for an extension of time to complete discovery, and granted his request, extending the discovery deadline to January 7, 2020, and the dispositive motions deadline to February 6, 2020. (ECF No. 87.)

Plaintiff also filed motions for temporary restraining order and preliminary injunction, which this court recommended denying, and those recommendations were adopted and accepted by District Judge Du. (*See* ECF Nos. 61, 77, 80, 96, 99.)

On December 2, 2019, Plaintiff filed his motion seeking leave to file a fourth amended complaint and proposed fourth amended complaint. (ECF Nos. 101, 101-1.)

**II. Motion for Leave to File Fourth Amended Complaint and Related Motions**

**(ECF Nos. 101, 106, 108, 109)**

**A.      The Motion for Leave to Amend (ECF No. 101) is Granted**

The court gave Defendants until January 10, 2020, to file a response to the motion for leave to file the fourth amended complaint and proposed fourth amended complaint. (ECF No. 104.) No response was forthcoming. Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." Moreover, the court has advised the Attorney General's Office in other cases, and again cautions counsel, that if a motion for leave to amend is filed by a pro se prisoner in a civil rights case and the defendant(s) elect not to respond, the court will not favorably entertain a subsequent motion by the Attorney General's Office either to dismiss the amended complaint.

Plaintiff filed this motion for leave to file a fourth amended complaint nearly two and a half years after he initiated this action, more than a year after the third amended complaint was filed, roughly a month before the extended discovery deadline, and roughly two months before the extended dispositive motions deadline. Normally the court would not be inclined to allow amendment at this late juncture; however, some of the delay was simply the number of cases in lined to be screened, which was compounded by the need for the court to thoroughly address Plaintiff's motions for appointment of counsel/guardian ad litem. While the court found that appointment of a guardian ad litem and counsel was not warranted under the circumstances, the court has given Plaintiff, a pro se prisoner with asserted learning difficulties, some latitude with respect to deadlines and pleading in this case. The court further acknowledges that it inadvertently left the deadline for seeking leave to amend or substitute parties out of the scheduling order, and

arguably, the court implicitly permitted Plaintiff to file this motion for leave to amend when it rejected Plaintiff's prior attempt to amend because he did not comply with the rule by including a proposed amended complaint that was complete in and of itself. In addition, discovery was extended to January 7, 2020, and since Plaintiff was allowed to proceed from the first substantive screening order against Doe defendants, the parties and the court contemplated that Plaintiff would likely seek leave to amend to add the true defendants and assert factual allegations explaining their role in the alleged constitutional violations.

Finally, since Defendants did not bother to respond to the motion for leave to amend, the court cannot reasonably entertain, even sua sponte, any argument that the existing defendants are prejudiced because they have already filed their motion for summary judgment. The first scheduling order was entered on June 21, 2019, and it set the discovery deadline of September 19, 2019, and dispositive motions deadline of October 21, 2019. October 21, 2019 came and went, and the existing defendants did not file a motion for summary judgment. It was Plaintiff who moved for a further extension on November 4, 2019, which resulted in the continued deadlines that allowed defendants to file their motion for summary judgment. If not for his action, they would have been proceeding to trial on the claims against them in the TAC. Therefore, Plaintiff's motion for leave to amend (ECF No. 101) is granted. The court expects greater diligence and adherence to deadlines from all parties in the future. Given how long this case has been pending, further motions for extension are not likely to be favorably received absent compelling circumstances.

**B.      The Related Motions Are Denied (ECF Nos. 106, 108, 109)**

Plaintiff's subsequent motions seeking to add to the proposed fourth amended complaint (ECF Nos. 106 and 109) are denied. ECF No. 106 simply states Plaintiff needs to add defendants without identifying the defendants. ECF No. 109 seeks to add his requested damages. Plaintiff has

been told at every juncture about the requirements for pleading in federal court: that a pleading must contain a short and plain statement of the claims upon which he seeks relief; that a pleading must be complete in and of itself and contain all claims, defendants and factual allegations that Plaintiff wished to pursue in this lawsuit; and, that the court will not consider piecemeal filings together as a pleading. ECF Nos. 106 and 109 circumvent these admonitions. The court will not entertain a motion to add defendants that does not identify the specific defendants or include a complete amended pleading. Nor is it necessary for Plaintiff to set out his precise damages calculation in the complaint. It is sufficient as it stands in the proposed fourth amended complaint that he requests injunctive relief, as well as compensatory and punitive damages. If this case proceeds past summary judgment, Plaintiff will have an opportunity to prove the amount of damages he is entitled to.

Plaintiff has also filed an unnecessary motion asking the court again to request his motion for leave to file a fourth amended complaint. (ECF No. 108.)

**C.    The Pending Motion for Summary Judgment and Motion for Leave to File Exhibits Under Seal (ECF Nos. 116, 117)**

As a result of the court's decision to grant leave to amend, the pending motion for summary judgment (ECF No. 116) is denied as moot. The motion for leave to file Plaintiff's medical records under seal (ECF No. 117) is **GRANTED** as the exhibits Defendants seek to file under seal contain Plaintiff's sensitive health information.

**D.    Screening of the Fourth Amended Complaint**

The court will now screen the proposed fourth amended complaint. The screening standard can be found in the court's prior screening orders in this case.

As with his third amended complaint, Plaintiff asserts claims for retaliation and Eighth Amendment deliberate indifference to his serious medical needs related to allegations of inadequate medical care for his throat. The standards for both retaliation and Eighth Amendment deliberate indifference to serious medical needs are set forth in the court's prior screening order. The court will address the claims with respect to the allegations asserted against each defendant.

**Guy Brown**

Plaintiff alleges that Brown transferred Plaintiff to a non-medical unit on October 18, 2015, after he had major surgery on his throat on October 14, 2015, against doctor's orders that he should be housed in the medical building. He contends that this resulted in severe pain, a lack of medications and food, vomiting and diarrhea that required several rounds of intravenous fluids over three days. A doctor subsequently told him he should not have been moved. (ECF No. 101-1 at 2, 10.) Plaintiff may proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Brown based on these allegations.

**Julie Matousek and Stoke**

Plaintiff alleges that Matousek and Stoke threw away Plaintiff's medications and did not give him his property inventory sheet on June 9, 2015 and December 9, 2015. (ECF No. 101-1 at 2.) The fourth amendment complaint includes allegations that he suffered in pain and developed infections as a result. Plaintiff may proceed with Eighth Amendment deliberate indifference to serious medical needs claims against Matousek and Stoke based on these allegations.

**D.     Neven**

Plaintiff alleges that Neven was the subject of several grievances filed by Plaintiff. Another correctional officer told Plaintiff, "you know better than to file grievances against Neven" and that Neven was known for retaliating against inmates that filed grievances against him. Plaintiff alleges

that Neven transferred Plaintiff from HDSP to ESP while Plaintiff was still waiting for medical treatment because Plaintiff accused him of theft. Staff at ESP allegedly told Plaintiff that he messed up by filing grievances against Neven because Neven used to be the warden at ESP and still had power there. (ECF No. 101-1 at 2, 8.) Plaintiff may proceed with a retaliation claim against Neven.

**Oxborrow**

Plaintiff alleges that Oxborrow told him that he was not supposed to be at ESP because he had medical treatment pending, and that he should be back on the bus to HDSP but that he should not have "pissed off" Neven and she could do nothing to help him. Plaintiff does not include facts to state a retaliation claim against Oxborrow. Instead, Plaintiff only asserts that Oxborrow confirmed for Plaintiff that he should not have been transferred to ESP and that she confirms his allegations of retaliatory conduct by Neven. Oxborrow will be dismissed. Out of an abundance of caution the dismissal will be without prejudice although it does not appear Plaintiff can state any plausible claim against Oxborrow.

**Dr. Michael Koehn**

Plaintiff alleges that on June 12, 2015, Dr. Koehn told Plaintiff he did not have Plaintiff's medical file in his possession and laughed and told Plaintiff, "If I don't diagnose your problems I never need to treat them." Plaintiff did not respond, and Dr. Koehn went on to explain that he meant that if he did not acknowledge Plaintiff's cyst in the medical record, it does not exist. Plaintiff alleges that Dr. Koehn refused to give him any treatment until August of 2015, and stated that he did not care if Plaintiff is treated or not. When Plaintiff told Dr. Koehn that his throat was causing him pain, Dr. Koehn told Plaintiff he was tired of inmates. Plaintiff told him his pain was unbearable, and Dr. Koehn responded, "who cares." (ECF No. 101-1 at 9, 11.) Plaintiff may

proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Koehn based on these allegations.

**A. Gregerson**

Plaintiff alleges that Gregerson told him she would get him his throat medication. Two weeks later she told Plaintiff to kite her, and he did but he contends it took over two months to provide the medications. (ECF No. 101-1 at 11.) Plaintiff may proceed on an Eighth Amendment deliberate indifference to medical needs claim against Gregerson based on the allegations of delay in providing him with his throat medication.

**Melissa Mitchell**

Plaintiff alleges that in November of 2016, Nurse Mitchell was the subject of his grievances. He states that it took him 11 months to get a cat scan. When he was waiting, Mitchell told Plaintiff he should not get any treatment because "snitchy grievance filing inmates don't deserve treatment" and because he filed a lawsuit and she was on the committee. (ECF No. 101-1 at 11.) Plaintiff may proceed with retaliation and Eighth Amendment deliberate indifference to serious medical needs claims against Mitchell based on these allegations.

**Dr. Schlauger**

In November of 2016, Dr. Martin acknowledged swelling in Plaintiff's throat and submitted him to see the ENT at NNCC, Dr. Schlauger. Plaintiff claims that Dr. Schlauger did not bother to look at Plaintiff's throat and laughed and said he saw nothing wrong. Plaintiff told him that his throat had been bleeding and he was in severe pain, but the doctor said, "prove it," and laughed.

(ECF No. 101-1 at 11-12.) Plaintiff may proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Schlauger.[1]

**Dr. Romeo Aranas**

Plaintiff alleges that Dr. Aranas, NDOC's medical director, said he would make sure Plaintiff received all necessary treatment, but then sided with the other defendants about the transfers, and did not ensure Plaintiff received his treatment. In addition, he did not properly respond to Plaintiff's grievance. Based on the allegations that Dr. Aranas was advised of Plaintiff's medical condition (through grievances or otherwise), but failed to act to ensure Plaintiff received appropriate care, Plaintiff may proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Aranas.

**Dr. Scott Monthei**

Plaintiff alleges that ENT Dr. Scott Monthei in Las Vegas did not give Plaintiff antibiotics or anything for his pain when he was transferred back to HDSP on September 9, 2015, and on September 10, 2015, his scan showed a massive infection. The next day, Plaintiff was told that he required surgery related to the infection and cyst. (ECF No. 101-1 at 13.) Liberally construing his allegations, Plaintiff may proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Scott Monthei.[2]

---

[1] Plaintiff does not address whether Dr. Schlauger is a state actor, and is not otherwise apparent from the allegations of the the fourth amended complaint that he is not; therefore, Plaintiff may proceed against Dr. Schlauger, but may have to address this issue in the future.

[2] Plaintiff does not specifically address whether Dr. Scott Monthei is a state actor, and it is not apparent from the allegations of the fourth amended complaint that he is not; therefore, Plaintiff may proceed against Dr. Monthei at this time, but may have to address this issue in the future.

**Renee Baker**

Plaintiff includes a broad allegation that he informed Baker of all of the foregoing facts and she refused to investigate his allegations; however, Plaintiff includes no specific allegations as to Baker's conduct, what Baker was told, what exactly she failed to investigate or any other allegation that would give rise to a claim against Baker. Because it is not clear that Plaintiff is precluded from stating a claim against Baker, she will be dismissed without prejudice.

**J. Miller**

Plaintiff alleges that J. Miller, a counselor, answered Plaintiff's grievances with hostility and delayed his return to HDSP for treatment. Plaintiff also includes a vague allegation that Miller threatened Plaintiff several times but provides no factual details as to these threats. Plaintiff does not include sufficient facts to state a claim against J. Miller; however, Miller will be dismissed without prejudice.

**Russell Perry**

Plaintiff names this defendant as Russell Perry but subsequently refers to him as Mr. Russell so it is unclear which is his first name. The court will refer to him as Russell to be consistent. Plaintiff alleges that Russell informed Plaintiff he was sick of Plaintiff filing grievances and would ensure that Plaintiff disappears. He later asked Russell why he was being treated so poorly and Russell said, no matter what he would not be treated well. Plaintiff avers that Russell subsequently ordered Plaintiff transferred to ESP. (ECF No. 101-1 at 8, 10-11.) Plaintiff may proceed with a retaliation claim against Russell based on these allegations.

**Falisek**

Plaintiff alleges that Counselor Falisek told Plaintiff, "the brass is tired of crazy people like you filing grievances Garrison." Then five days later, Plaintiff was on the bus for ESP." (ECF No.

101-1 at 8-9.) Plaintiff does not specifically allege that Falisek had any involvement in Plaintiff being transferred to ESP. Instead, he alleges that Falisek merely repeated what he had purportedly heard from his superiors. Therefore, he does not state a retaliation claim against Falisek and Falisek will be dismissed without prejudice.

**Smith**

Plaintiff alleges that Smith told him that Plaintiff would never put a staff person's name on a grievance again when they were done with him as a threat for filing grievances, and five days later he was on a bus to ESP. Plaintiff may proceed with a retaliation claim against Smith.

**Other Defendants**

Plaintiff's fourth amended complaint contains no allegations against the following defendants whose names are listed as defendants: G. Carpenter, Jones (NDOC medical), Jennifer Nash, Elizabeth Albana, Scott Mortinson, Rob Faulkner, the Doe OMD head of classification and Jane Doe Carson Cat Scan expert. These defendants will be dismissed without prejudice; however, the court notes that given the amount of time that has transpired in this case and the fact that Plaintiff had enough information to name these defendants, but then failed to include any substantive allegations against them will weigh against any future motion to amend with respect to these defendants.

### III. Motions Related to Sealing and/or Striking Defendants' Exhibits
### (ECF Nos. 121, 126, 127)

Defendants have filed a motion for summary judgment. The court's ruling granting Plaintiff leave to amend renders that motion moot as it addresses a prior pleading. The court will nevertheless address the motions filed by Plaintiff pertaining to that motions and the exhibits filed

by Defendants in support of the motion so that the issues are not raised in the event Defendants file a subsequent motion for summary judgment.

Following the filing of the motion for summary judgment and corresponding motion for leave to file the medical records under seal, Plaintiff has filed several documents that pertain to sealing or striking things in the record. In ECF No. 121, Plaintiff filed a motion for a "teleconference for understanding," stating that the Attorney General's Office filed something that should be sealed and not used according to mediator, retired United States Magistrate Judge Valerie P. Cooke. Plaintiff does not state what document he is referring to or why it should be sealed. If Plaintiff wishes for a document to be sealed he must file a motion and address specifically what he wants to be sealed as well as the criteria for sealing set forth in the *Kamikana* and *Center for Auto Safety* cases. *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). If he wants a document stricken, he must specifically identify the document and provided a basis for striking the document. Plaintiff has not done so; therefore, ECF No. 121 is denied.

In ECF No. 126 Plaintiff seeks to "seal and strike Defendants['] records," stating that some are irrelevant to these proceedings, referencing Defendants' exhibits A, E, G, H, and I to Defendants' motion for summary judgment.

In ECF No. 127, Plaintiff again seeks to seal and strike Exhibits A, E, F, G, H, I, as well as the declarations of J. Nash and M. Hughes filed in support of Defendants' motion for summary judgment.

Exhibit A is a list of Plaintiff's historical bed assignments. (ECF No. 116-1.) Defendants use this to show where Plaintiff was housed at a particular time. The court finds no basis for sealing

or striking his historical bed list. Plaintiff has specified as to whether he wants this document sealed or stricken, and in any event, presents no particular argument as to why either is appropriate.

Exhibit E is an incident report from March 18, 2014, that asserted that Plaintiff was in possession of a man-made weapon or "shank." (ECF 116-2.) Exhibit F is Plaintiff's disciplinary history report which shows that he received a 180-day disciplinary sanction and transfer to ESP. (ECF No. 116-3.) Exhibit G is a redacted offender information summary which shows Plaintiff's charged offenses and the result of the proceeding and notes regarding the proceedings. (ECF No. 116-4.) Defendants rely on these exhibits to support their argument that he was transferred to ESP because of this disciplinary issue and not in retaliation for filing grievances regarding a lack of medical treatment for his throat. The court assumes Plaintiff seeks to strike these exhibits, but the court finds they are indeed relevant to the retaliation claim. If they are utilized in any subsequent motion, Plaintiff is, of course, permitted to make an argument regarding the exhibits in his response to the motion. Moreover, Plaintiff does not present any specific argument that any part of these exhibits is not properly within the public record or before the court.

Exhibit H consists of Plaintiff's grievances and responses that relate to his complaints about medical care for his throat. (ECF No. 116-5.) These are undoubtedly relevant to Plaintiff's claims and Defendants' argument that he was given adequate care, and Plaintiff is permitted to make any argument regarding these documents in his response to any future filing utilizing these documents. There is no argument made or reasonably apparent basis for striking or sealing these documents. They reveal minimal information about Plaintiff's health care, and nothing more than is already revealed by Plaintiff's pleadings which are in the public record.

Exhibit I is an incident report dated June 23, 2015, regarding contraband—an inmate-made weapon—discovered in Plaintiff's incoming property when he went from HDSP to ESP. (ECF No.

116-6.) This appears to be a separate incident from the one that occurred in March of 2014, that Defendants contend resulted in Plaintiff's transfer to ESP. It is unclear what the relevance is of Exhibit I to Plaintiff's claims as Defendants do not actually reference this particular Exhibit or this incident in their motion. Therefore, in any subsequent motion for summary judgment, Defendants should determine whether Exhibit I has any relevance to the claims pending in this lawsuit, and if an exhibit is included, there should be a pertinent discussion in the points and authorities.

The court has reviewed the Nash declaration (ECF No. 116-7) which is a custodian of records declaration authenticating Exhibits A, E, F, G, H, and the Hughes declaration (ECF No. 116-8), which is also a custodian of records declaration authenticating Exhibits B, C, D and J. The court sees no basis for sealing or striking these declarations. Nor does Plaintiff provide any specific argument for doing so.

ECF Nos. 126 and 127 are denied as moot given the court's ruling relative to the motion for leave to amend and the lack of substantive basis to support the motions.

**IV. ECF Nos. 122, 123**

Plaintiff titled ECF No. 122 a "Motion for Request to Leave to File Plaintiffs Motion for Leave to File Motion to Dismiss, and/or Oppose." It appears that Plaintiff seeks leave to file a motion to dismiss Defendants' motion for summary judgment and/or opposition to the motion for summary judgment, a motion to seal and strike, a motion for appointment of counsel, a request for judicial notice and exhibits. Plaintiff does not need to seek leave to file these documents. Leave of court is typically required for some motions to amend, to seal documents in the record, to exceed page limits, and other particular filings, but not the filings Plaintiff wishes to file. Moreover, this filing is rendered moot given the court's decision to allow the amendment. Therefore, his motion (ECF No. 122) is denied.

Plaintiff's filing at ECF No. 123, while titled a motion to dismiss Defendants' pending motion for summary judgment, is more appropriately construed as his response to Defendants' motion for summary judgment. While the filing is technically moot in light of the court's conclusions here, the Clerk shall recharacterize the filing as Plaintiff's opposition for the record.

**V. Motion for Appointment of Counsel (ECF No. 125)**

As discussed in the court's prior orders denying Plaintiff's motions for appointment of counsel and/or guardian ad litem (ECF Nos. 18, 21, 55, 103, 112), a litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to present an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.3d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires the court to evaluate both the likelihood of Plaintiff's success on the merits and his ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citation omitted). The court has found in this case, and continues to conclude, that Plaintiff has shown an ability to articulate his claims. Plaintiff has not convinced the court of a likelihood of success on the merits of his claims, nor has he demonstrated that the legal issues involved are unduly complex. Therefore, Plaintiff's motion for appointment of counsel (ECF No. 125) is denied.

///

///

///

# VI. Conclusion

(1) Plaintiff's motion for leave to amend, ECF No. 101, is **GRANTED**.

    (a) The Clerk shall **FILE** the fourth amended complaint (ECF No. 101-1).

    (b) Plaintiff may **PROCEED** with Eighth Amendment deliberate indifference to serious medical needs claims against Brown, Matousek, Stoke, Dr. Koehn, A. Gregerson, Mitchell, Dr. Schlauger, Dr. Aranas, Dr. Scott Monthei ; and retaliation claims against Neven, Mitchell, Russell and Smith consistent with this Order.

    (c) Defendants Oxborrow, Baker, Miller, Falisek are **DISMISSED WITHOUT PREJUDICE**.

    (d) G. Carpenter, Jones (NDOC medical), Jennifer Nash, Elizabeth Albana, Scott Mortinson, Rob Faulkner, Doe OMD head of classification and Jane Doe Carson Cat Scan expert are **DISMISSED WITHOUT PREJUDICE**.

    (e) The Attorney General's Office has **21 days** from the date of this Order to file a notice advising the court of: (a) the names of the defendants in the fourth amended complaint for whom it accepts service; (b) the names of the defendants for whom it does not accept service. For those defendants for whom it does not accept service, the Attorney General's Office shall file the last known address under seal, but not serve the inmate Plaintiff. If the last known address is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address. If service cannot be accepted for any of the defendants, Plaintiff must file a motion identifying the unserved defendant(s), request issuance of a summons, and provide the full name and address for those defendants for whom the Attorney General has not provided a last known address under seal. If the Attorney General accepts service for any of the defendants

proceeding in the fourth amended complaint, they shall file and serve an answer or otherwise respond within **45 days** of the date of this Order.

(2) ECF Nos. 106, 108, 109, 121, 122, 125, 126 and 127 are **DENIED**.

(3) ECF No. 116 is **DENIED AS MOOT**.

(4) ECF No. 117 is **GRANTED** and ECF Nos. 118-1, 118-2, 118-3, and 118-4 shall be **SEALED**.

(5) The Clerk shall construe Plaintiff's filing at ECF No. 123 as his response to Defendants' pending motion for summary judgment instead of a motion to dismiss.

(6) The current scheduling order deadlines are **VACATED**. The court will issue new scheduling order deadlines after the Attorney General's Office files its notice indicating the defendants in the Fourth Amended complaint for whom it accepts service.

**IT IS SO ORDERED**.

Dated: February 24, 2020.

*William G. Cobb*
William G. Cobb
United States Magistrate Judge