# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ARTHUR LEE GARRISON,

    Plaintiff

v.

NDOC, et. al.,

    Defendants

Case No.: 3:17-cv-00391-MMD-WGC

**Order**

Re: ECF No. 130

Before the court is Plaintiff's motion for leave to have documents in the record sealed. (ECF No. 130.)

Plaintiff's motion appears to ask the court to seal and/or strike documents filed by the Defendants in connection with their motion for summary judgment that was recently denied as moot by the court. Specifically, he asked that the write ups included as exhibits be sealed because they could subject Plaintiff to harm. He also mentions the inmate housing history filed by the Defendants.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v.*

*Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Ct.*, *D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). The court must "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id*. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*.

The good cause standard, on the other hand, is the exception to public access that has been typically applied to "sealed materials attached to a discovery motion unrelated to the merits of the case." *Id*. (citation omitted). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*.

The Ninth Circuit has clarified that the key in determining which standard to apply is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Here, Plaintiff seeks to have documents that were provided as exhibits to Defendants' motion for summary judgment filed under seal. While the court would typically find such documents to be more than tangentially related to the merits of the case and apply the compelling reasons standard, here, the motion for summary judgment was denied as moot and so the motion, and accompanying exhibits, are no longer pending before the court. In fact, in the court's order denying the motion for summary judgment as moot, it directed the Defendants to take another look at the utility of one of the exhibits that was a disciplinary write up that did not seem to relate to Plaintiff's claims. Therefore, the court will apply the good cause standard to this motion.

The court has reviewed the exhibits accompanying the motion for summary judgment. In an abundance of caution the court will seal Exhibits E (ECF No. 116-2), Exhibit F (ECF No. 116-3), Exhibit G (ECF No. 116-4), and Exhibit I (ECF No. 116-6), because they contain information that could theoretically be used to harm Plaintiff. The court does not perceive a risk

posed by the public filing of Plaintiff's historical bed assignments (ECF No. 116-1), and therefore, that exhibit will not be sealed.

In sum, Plaintiff's motion is **GRANTED IN PART**. The Clerk shall **SEAL** the following exhibits: ECF Nos. 116-2, 116-3, 116-4, and 116-6.

**IT IS SO ORDERED**.

Dated: February 28, 2020

_____
William G. Cobb
United States Magistrate Judge