# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR LEE GARRISON,<br><br>　　Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　Defendants. | Case No.: 3:17-cv-00391-MMD-WGC<br><br>**Order**<br><br>Re: ECF No. 179 |

Before the court is Plaintiff's "Motion to File More or Second Set of Discovery Process 10-1-20" (ECF No. 179). Plaintiff's "motion" is 139 pages in length and attaches numerous grievances. Plaintiff appears to be requesting that the discovery cut-off of October 5, 2020, be extended. Plaintiff does not attach, however, any proposed discovery with which he wants to proceed at this late date.

Plaintiff's "Motion to File More or Second Set of Discovery Process 10-1-20" (ECF No. 179) fails to comply with LR 26-3 which states as follows:

> "A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline.  A request made within 21 days of the subject deadline must be supported by a showing of good cause.  A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable  neglect.  A

motion or stipulation to extend a discovery deadline or to reopen discovery must include: (a) A statement specifying the discovery completed; (b) A specific description of the discovery that remains to be completed; (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) A proposed schedule for completing all remaining discovery."

As stated above, the proposed discovery Plaintiff wants to pursue was not submitted, nor did Plaintiff provide even a general description of the discovery he states needs to be completed. Plaintiff did not advise the court of what discovery has been completed. Plaintiff did not explain why he was supposedly unable to complete this proposed discovery after the court granted his discovery extension on April 17, 2020. Plaintiff's motion (ECF No. 179) was not made 21 days before the expiration of the current (10/5/2020) deadline as the rule requires.

Additionally, the court advised the parties in its order of April 17, 2020 (ECF No. 145), that no further extensions of the discovery deadline would be granted barring unforeseen and extenuating circumstances. Plaintiff has not advised the court of any such unforeseen or extenuating circumstances which would justify another extension of the discovery deadline.

**IT IS THERFORE ORDERED** that Plaintiff's "Motion to File More or Second Set of Discovery Process 10-1-20" (ECF No. 179) is **DENIED**. The parties are again reminded of the current Scheduling Order deadlines which remain set as follows:

Discovery in this action shall be completed on or before **October 5, 2020.**
Dispositive motions shall be filed and served no later than **November 4, 2020.**
The Joint Pretrial Order shall be filed no later than **December 4, 2020**. If a dispositive motion is filed, the Joint Pretrial Order shall be due **thirty (30)** days after a decision on the dispositive motion.

Dated: October 1, 2020.

William G. Cobb
United States Magistrate Judge

2