UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR LEE GARRISON,<br><br>Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | Case No.: 3:17-cv-00391-MMD-WGC<br><br>**Order**<br><br>Re: ECF No. 177 |

Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 177).[1] Plaintiff states in his latest motion for appointment of counsel that "prison rules forbade a prisoner to obtain records Plaintiff needs to locate, and witnesses for proper discovery." (*Id.*) Plaintiff further claims he "cannot get proper records; or expert witnesses which will, and is needed now for proper discovery." (*Id.*)

The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

///

---

[1] This will actually be Plaintiff's eighth request for appointment of counsel. *See*, ECF No. 6, denied on 7/23/18 in ECF No. 18; ECF No. 20, denied on 8/7/18 in ECF No. 21; ECF No. 52, denied on 8/1/19 in ECF No. 55; ECF No. 102, denied on 12/4/19 in ECF No. 103; ECF No. 111, denied on 1/9/20 in ECF No. 112, ECF No. 125, denied on 2/24/20 in ECF No. 128, and ECF No. 154, denied on 7/8/20 in ECF No. 155. Plaintiff objected to this court's denial (ECF No. 55) of his motion (ECF No. 52) for appointment of counsel (ECF No. 67). Chief District Judge Du rejected Plaintiff's objection and sustained the order denying appointment of counsel (ECF No. 96 at 3-4.)

While any *pro se* inmate such as Mr. Garrison would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

As discussed in this court's prior orders denying Plaintiff's motions for appointment of counsel and/or guardian ad litem (ECF Nos. 18, 21, 55, 103, 112, 128 and 155), a litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In these orders, the court explained that only in very limited circumstances are federal courts empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff has shown an ability to articulate his claims, because he has submitted at least four (4) amended pleadings, the most recent of which survived screening. (ECF No. 128.) Additionally, Plaintiff's most recent motion was approximately 130 pages in length.

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to

> articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

Similarly, with respect to the *Terrell* factors, Plaintiff has again failed to convince the court of the likelihood of success on the merits of his claims.

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Plaintiff has once again not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 177).

**IT IS SO ORDERED.**

Dated: October 1, 2020.

_____
William G. Cobb
United States Magistrate Judge