1

2

3

4                           **UNITED STATES DISTRICT COURT**

5                                **DISTRICT OF NEVADA**

6   ARTHUR LEE GARRISON,                    Case No.: 3:17-cv-00391-MMD-WGC

7            Plaintiff,                                **Order**

8   v.                                          Re: ECF No. 208

9   NEVADA DEPARTMENT OF
    CORRECTIONS, *et al.*,
10
             Defendants.
11

12

13          Before the court is Plaintiff's "Motion for Serious Need of Appointment of Counsel"

    (ECF No. 208).[1]  Plaintiff states in his ninth motion for appointment of counsel that "Plaintiff is
14
    57 year old male who suffers from serious disabilities in several areas. (1) writing, (2) spelling,
15
    (3) a form of dyslexia, (4) could be autism, (5) and is diabetic, has trouble reading and
16
    remembering, (6) cannot keep document in proper organization." (*Id.* at 1.) Despite Plaintiff's
17
    contentions of disabilities with writing, what he styles as "a form of dyslexia" and what "could be
18
    autism," he has been able to litigate eight (8) prior motions for appointment of counsel.
19

20
    _____
21  [1]  This will actually be Plaintiff's ninth request for appointment of counsel. *See*, ECF No. 6, denied on
    7/23/18 in ECF No. 18; ECF No. 20, denied on 8/7/18 in ECF No. 21;  ECF No. 52, denied on 8/1/19 in
22  ECF No. 55; ECF No. 102, denied on 12/4/19 in ECF No. 103; ECF No. 111, denied on 1/9/20 in ECF No.
    112, ECF No. 125, denied on 2/24/20 in ECF No. 128, ECF No. 154, denied on 7/8/20 in ECF No. 155,
23  and ECF No. 177, denied on 10/1/20 in ECF No. 181.  Plaintiff objected to this court's denial (ECF No.
    55) of his motion (ECF No. 52) for appointment of counsel (ECF No. 67).  Chief District Judge Du rejected
    Plaintiff's objection and sustained the order denying appointment of counsel  pursued under substantially
    similar grounds as Plaintiff has asserted in this motion.(ECF No. 96 at 3-4.)

As the court has previously explained to Plaintiff, the United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

And as the court has also previously explained to Mr. Garrison, while any *pro se* inmate such as Mr. Garrison would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

As discussed in this court's prior orders denying Plaintiff's motions for appointment of counsel and/or guardian ad litem (ECF Nos. 18, 21, 55, 103, 112, 128, 155, 181), a litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In these orders, the court explained that only in very limited circumstances are federal courts empowered to request an attorney to represent an indigent civil litigant.  The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff has shown an ability to

articulate his claims, because he has submitted at least four (4) amended pleadings, the most recent of which survived screening. (ECF No. 128.) The instant motion, as stated in footnote 1, is Plaintiff's motion seeking appointment of counsel. The present motion, as did the preceding eight, demonstrates an ability by Plaintiff to articulate his claims. Additionally, Plaintiff's most recent motion was approximately 150 pages in length. (ECF No. 178.)

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

Similarly, with respect to the *Terrell* factors, Plaintiff has again failed to convince the court of the likelihood of success on the merits of his claims.

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the court can appoint counsel only under exceptional circumstances.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)].  Plaintiff has once again not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 208). As Plaintiff did with the undersigned's denial of three of his other motions for appointment of counsel (ECF Nos. 52, 55, 157), Plaintiff is entitled to file an objection to the

court's order herein denying appointment of counsel.  Chief District Judge Miranda M. Du already overruled Plaintiff's objection to this court's 8/1/19 order denying Plaintiff's motion for appointment of counsel. (ECF No. 96.)

**IT IS SO ORDERED.**

Dated: October 27, 2020.

_William G. Cobb_

William G. Cobb
United States Magistrate Judge