UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR LEE GARRISON,<br><br>　　Plaintiff<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et. al.<br><br>　　Defendants | Case No.: 3:17-cv-00391-MMD-WGC<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF No. 195, 218, 219 |

　　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　Before the court is Plaintiff's filing, which he has titled "Counter Defendants Summary Judgment" which he explains is a counter-motion for summary judgment. (ECF No. 195.) The court has construed this as Plaintiff's motion for summary judgment. Defendants filed a response. (ECF No. 215.) Plaintiff filed a reply. (ECF No. 220.)

　　Plaintiff has also filed two addition documents titled: (1) Dispositive Motion A (ECF No. 218) and (2) Dispositive Motion B (ECF No. 219).

　　After a thorough review, it is recommended that Plaintiff's motions be denied.

## **I. BACKGROUND**

　　Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Fourth Am. Complaint, ECF No. 129.)

Plaintiff was allowed to proceed with clams under the Eighth Amendment for deliberate indifference to serious medical needs, as well as retaliation in his Fourth Amended Complaint. (Order at ECF No. 128.) He was allowed to proceed against defendants Guy Brown, Julie Matousek, Stoke, Neven, Dr. Michael Koehn, A. Gregerson, Melissa Mitchell, Dr. Schlauger, Dr. Romeo Aranas, Dr. Scott Manthei, Russell Perry, and Smith. (*Id.*)

On March 16, 2020, the Attorney General's Office accepted service for Dr. Aranas, Guy Brown, Julie Matousek, Melissa Mitchell, Dwight Neven, and Perry Russell. (ECF No. 132.) Dr. Koehn was served on April 28, 2020 (ECF No. 152), and a joinder to the answer was filed by the Attorney General's Office on behalf of Dr. Koehn on May 19, 2019. (ECF No. 153.)

District Judge Du issued a notice of intent to dismiss as to Gregerson, Stoke, Scott Manthei, and Smith, with a deadline for service of August 12, 2020. (ECF No. 156.)

Dr. Scott Manthei was served on October 5, 2020 (ECF Nos. 186, 192), and a joinder to the answer was filed on his behalf by the Attorney General's Office on October 19, 2020 (ECF No. 202). Ms. Gregerson was served on October 22, 2020. (ECF No. 217.) A joinder to Defendants' answer was filed on behalf of Ms. Gregerson on November 12, 2020. (ECF No. 229.)

No proof of service has been filed with respect to Stoke or Smith; therefore, it is recommended that these defendants be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

No proof of service has been filed for defendant Schlauger; however, it appears a notice of intent to dismiss under Rule 4(m) has not yet been issued. Therefore, it is recommended that the Rule 4(m) notice be issued as to defendant Schlauger.

In his motion for summary judgment (which he titles as a counter-motion), Plaintiff argues that he is entitled to judgment and an order that the Defendants pay for him to be seen by an outside ear, nose and throat specialist (ENT) of his choosing and that he be provided the recommended treatment. (ECF No. 195.) In his "Dispositive Motion A," Plaintiff recites his version of events, and then refers generally to all of the documents in his medical file as well as his I-file, and says the documents prove deliberate indifference. He again asks to see an outside ENT. (ECF No. 218.) In "Dispositive Motion B," Plaintiff argues that Defendants were deliberately indifferent to his medical needs, and was retaliated against. (ECF No. 219.)

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477

U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine

4

dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

Preliminarily, Federal Rule of Civil Procedure 56 requires a party moving for summary judgment to first identify each claim or defense, or the part of each claim or defense, on which summary judgment is sought. Fed. R. Civ. P. 56(a). The moving party must show there is no genuine dispute as to any material fact such that he or she is entitled to judgment as a matter of law. *Id.* To show that a fact cannot be disputed, the moving party *must* support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations…, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

Local Rule 56-1 similarly provides that a motion for summary judgment "must include a concise statement setting forth each fact material to the disposition of the motion that the party claims is or is not genuinely in issue, *citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission or other evidence on which the party relies*."

"If a party fails to properly support an assertion of fact … the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes

of the motion; (3) grant summary judgment if the motion and supporting materials …show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e)(1)-(4).

Here, Plaintiff does not set forth each claim or defense, or the part of each claim or defense, on which summary judgment is sought. Moreover, while Plaintiff sets forth his statement of facts in his motions (ECF No. 195 at 3-9; ECF No. 218 at 1-5, 7-10; ECF No. 219 at 9-19), he fails to cite the evidence that supports each fact he claims is undisputed.

Parts of the motions are duplicative of one another.  In addition, there are hundreds of pages of exhibits, many of which do not appear to be related to his motions. There are several other irregularities in Plaintiff's motions. For example, in his "Dispositive Motion B," Plaintiff states that the Fourth Amended Complaint has not gotten past screening (ECF No. 219 at 4), when in fact it has been screened. (ECF No. 128.) He also moves for summary judgment, but then contradictorily states that his claims will be proven at trial. (*See e.g.* ECF No. 219 at 20.)

Nor does Plaintiff meet his burden in moving for summary judgment.

To demonstrate a violation of the Eighth Amendment, Plaintiff has to show that the particular defendant knew of and disregarded an excessive risk to the inmate's health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012). Deliberate indifference exists when a prison official "den[ies], delay[s] or intentionally interfere[s] with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (internal quotation marks and citation omitted).

To establish a claim for retaliation, a plaintiff must demonstrate: (1) a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the

action did not reasonably advance a legitimate correctional goal. *Jones*, 791 F.3d at 1035 (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff fails to establish there is no genuine dispute of material fact with respect to each claim he asserts in this action. Again, he does not connect any of the evidence he filed in support of his motion to any particular fact he claims is undisputed. Importantly, most of what he submitted as evidence are his own grievance forms, that mostly lack factual detail and rarely discuss the conduct of specific NDOC employees, let alone connect a defendant named in this case to the conduct Plaintiff attributes to that defendant in his Fourth Amended Complaint.

Finally, Plaintiff includes with his motion documents that are unrelated to his motion and requests that the court has already denied. For example, he includes his motion to dismiss Defendants' motion for summary judgment (ECF No. 195 at 139-163), which he had already filed in response to Defendants' motion for summary judgment (ECF No. 123). Defendants' motion for summary judgment (ECF No. 116) was already denied as moot when the court granted Plaintiff's motion for leave to file his Fourth Amended Complaint. Plaintiff also includes his motion to seal and strike certain documents that were included as exhibits to Defendants' motion for summary judgment. (*See e.g.* ECF No. 195 at 205-206.) The court already addressed Plaintiff's request to seal or strike these documents in its order at ECF No. 128.

For the foregoing reasons, it is recommended that Plaintiff's three dispositive motions be denied.[1]

---

[1] Plaintiff's filings also appear to attempt to create an end run around the page limits for motions for summary judgment by filing three separate motions. A motion for summary judgment is limited to 30 pages, excluding exhibits. LR 7-3(a). Exclusive of exhibits, Plaintiff's motion for summary judgment is 10 pages. "Dispositive Motion A" is 12 pages." Exclusive of exhibits, "Dispositive Motion B" is 25 pages. The motions together exceed 30 pages.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order as follows:

(1) **DISMISSING** defendants Stoke and Smith **WITHOUT PREJUDICE** for lack of service under Federal Rule of Civil Procedure 4(m);

(2) Giving Plaintiff notice of the intent to dismiss defendant Schlauger under Federal Rule of Civil Procedure 4(m);

(3) **DENYING** Plaintiff's three dispositive motions (ECF Nos. 195, 218, 219.)

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 16, 2020

_____
William G. Cobb
United States Magistrate Judge