# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ARTHUR LEE GARRISON,

    Plaintiff,

v.

NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

Case No.: 3:17-cv-00391-MMD-WGC

**Order**

Re: ECF No. 235

Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 235).[1] Plaintiff states in his tenth motion for appointment of counsel that "As of this date and now, Plaintiff is having problems with putting pen to paper, and nerves in his back, neck, arms, his pend (sic) doesn't want to work proper from mind to pen is worse." (*Id.* at. 3.) Despite Plaintiff's

---

[1] Although it appears Plaintiff has used a form which is to be utilized in habeas corpus matters and references United States Code Title 28, § 2254 (habeas corpus), the court will consider plaintiff's "motion" in the context of his § 1983 action.

This will actually be Plaintiff's tenth request for appointment of counsel. *See*, ECF No. 6, denied on 7/23/18 in ECF No. 18; ECF No. 20, denied on 8/7/18 in ECF No. 21; ECF No. 52, denied on 8/1/19 in ECF No. 55; ECF No. 102, denied on 12/4/19 in ECF No. 103; ECF No. 111, denied on 1/9/20 in ECF No. 112, ECF No. 125, denied on 2/24/20 in ECF No. 128, ECF No. 154, denied on 7/8/20 in ECF No. 155, ECF No. 177, denied on 10/1/20 in ECF No. 181, and ECF No. 208, denied on 10/27/20 in ECF No. 211. Plaintiff objected to this court's denial (ECF No. 55) of his motion (ECF No. 52) for appointment of counsel (ECF No. 67). Chief District Judge Du rejected Plaintiff's objection and sustained the order denying appointment of counsel pursued under substantially similar grounds as Plaintiff has asserted in this motion.(ECF No. 96 at 3-4.)

contentions of disabilities with writing, he has been able to litigate nine (9) prior motions for appointment of counsel.

As the court has previously explained to Plaintiff, the United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

And as the court has also previously explained to Mr. Garrison, while any *pro se* inmate such as Mr. Garrison would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

As discussed in this court's prior orders denying Plaintiff's motions for appointment of counsel and/or guardian ad litem (ECF Nos. 18, 21, 55, 103, 112, 128, 155, 181, 211), a litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In these orders, the court explained that only in very limited circumstances are federal courts empowered to request an attorney to represent an indigent civil litigant.  The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is

controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff has shown an ability to articulate his claims, because he has submitted at least four (4) amended pleadings, the most recent of which survived screening. (ECF No. 128.) The instant motion, as stated in footnote 1, is Plaintiff's tenth motion seeking appointment of counsel. The present motion, as did the preceding nine, demonstrates an ability by Plaintiff to articulate his claims.

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

Similarly, with respect to the *Terrell* factors, Plaintiff has again failed to convince the court of the likelihood of success on the merits of his claims. In fact, despite being advised in the court's previous orders about having to demonstrate the likelihood of success, Plaintiff's most recent motion (ECF No. 235) is devoid of any argument or discussion as to why Plaintiff suggests he will prevail on the merits of his claims.

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282

(2010)]. Plaintiff has once again not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 235). As Plaintiff did with the undersigned's denial of three of his other motions for appointment of counsel (ECF Nos. 52, 55, 157), Plaintiff is entitled to file an objection to the court's order herein denying appointment of counsel. Chief District Judge Miranda M. Du already overruled Plaintiff's objection to this court's August 1, 2019, order denying Plaintiff's motion for appointment of counsel. (ECF No. 96.)

**IT IS SO ORDERED.**

Dated: December 1, 2020.

*William G. Cobb*
William G. Cobb
United States Magistrate Judge