AARON D. FORD
  Attorney General
DOUGLAS R. RANDS, Bar No. 3572
  Senior Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1150
E-mail:  drands@ag.nv.gov

*Attorneys for Defendants*
*Romeo Aranas, Guy Brown, Angela Gregerson, Michael Koehn,*
*Scott Manthei, Julie Matousek, Melissa Mitchell, Dwight Neven, and Perry Russell*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR LEE GARRISON,<br><br>                         Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF<br>CORRECTIONS DIRECTOR, et al.<br><br>                         Defendants | Case No.  3:17-cv-00391-MMD-WGC<br><br>**ORDER GRANTING<br>MOTION FOR EXTENSION OF TIME TO<br>RESPOND TO PLAINTIFF'S MOTION TO<br>SHOW JUST CAUSE FOR JURY TRIAL<br>(ECF NO. 246)** |

Defendants, Romeo Aranas, Guy Brown Angela Gregerson Michael Koehn, Scott Manthei and Julie Matousek Melissa Mitchell, Dwight Neven and Perry Russell, by and through counsel Aaron D. Ford, Attorney General of the State of Nevada, and Douglas R. Rands, Senior Deputy Attorney General, hereby file their Motion for Extension of Time to Respond to Plaintiff's Motion to Show Cause for Jury Trial (ECF No. 246).

This Motion is made and based upon Federal Rules of Civil Procedure 6(b)(1)(A), the attached Points and Authorities, the papers and pleadings on file herein, and such other and further information as this Court may deem appropriate.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTUAL ANALYSIS

Plaintiff Arthur Lee Garrison (Garrison) is a Nevada Department of Corrections (NDOC) inmate proceeding *pro se* in this 42 U.S.C. § 1983 action asserting an alleged First Amendment retaliation claim

1

and an Eighth Amendment claim for deliberate indifference to serious medical needs. (*See generally*, ECF No. 35). Garrison alleges the violations occurred while he was housed at High Desert State Prison (HDSP) and Ely State Prison (ESP.) (*Id*).  Garrison is now housed at Lovelock Correctional Center (LCC).

On screening, Garrison was allowed to proceed with a retaliation claim and an Eighth Amendment deliberate indifference to serious medical needs claim. (ECF No. 35 at 7:22-28, See also, ECF No. 128 at 7:1-5).  On January 21, 2021, the Defendants filed a Motion for Summary Judgment.  (ECF No. 247).  Plaintiff, on January 20, 2021 filed the within Motion to Show Just Cause for Jury Trial.  (ECF No. 246)  It is unclear, from review of the Motion, Plaintiff's actual intent.  However, to the extent his intent may be to consider the Motion a dispositive motion, additional time to respond is requested.

A response to a routine motion, in Federal Court is due 14 days after filing.  Local Rule 7-2 (b). That would make the response to this motion due February 3, 2021.  If the Motion is considered a Motion for Summary Judgment, the response is due 21 days after the motion is filed. LR 7-2 (b).  In either event, the Defendants request additional time to respond to the Motion.

Plaintiff's Motion is 51 pages long.  It is hand written, and frankly, very difficult to follow.  Responding to the Motion will take a considerable amount of time and energy. Also due on February 3, 2021 is a Motion for Summary Judgment in the case of *Burns v Davis* Case No.   2:19-cv-00218-RFB-BNW.   Counsel has already asked for and received 2 extensions of time to file the Motion for Summary Judgment.  This makes response to this motion more difficult.  Therefore, the Defendants request an additional 30 days, or until **March 3, 2021** to respond to Plaintiff's Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

1  II.     **LEGAL ANALYSIS**

2         Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as

3  follows:

4         When an act may or must be done within a specified time, the court may,
      for good cause, extend the time: (A) with or without motion or notice if

5      the court acts, or if a request is made, before the original time or its
      extension expires; or (B) on motion made after the time has expired if the

6      party failed to act because of excusable neglect.

7  Defendants' request is timely and will not hinder or prejudice Plaintiff's case, but will allow for a

8  thorough opportunity to brief a response to Plaintiffs motion in a full and timely manner.  The requested

9  extension of time should permit the Defendants time to adequately research, draft, and submit a well

10  briefed response to Plaintiff's motion in this case.  Defendants assert that the requisite good cause is

11  present to warrant the requested extension of time.  It is unclear the intent of Plaintiff's Motion.

12  However, to the extent he may intend that the Court consider his motion as a dispositive motion,

13  additional time is warranted.

14  III.    **CONCLUSION**

15         Defendants request this Court extend the deadline for a response to Plaintiff's Motion in

16  this matter. Defendants assert that the requisite good cause is present to warrant the requested extension

17  of time.  The request is timely. Therefore, the Defendants request additional time, up until Wednesday,

18  **March 3, 2021**, to file a response in this matter.

19         DATED this 3rd day of February, 2021.

20                                         AARON D. FORD
                                        Attorney General
21

22                                         By:      _/s/Douglas R. Rands_
                                             DOUGLAS R. RANDS, Bar No. 3572
23                                           Senior Deputy Attorney General

24                                         *Attorneys for Defendants*

25  IT IS SO ORDERED.

26  DATED: February 4, 2021.

27                                         _William G. Cobb_____

28                                         UNITED STATES MAGISTRATE JUDGE

3