UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ARTHUR LEE GARRISON, | Case No. 3:17-cv-00391-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| A. GREGERSON, *et al.*, | |
| Defendants. | |

I.    **SUMMARY**

*Pro se* Plaintiff Arthur Lee Garrison brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 266), recommending the Court grant the remaining Defendants'[1] motion for summary judgment (ECF No. 247 ("Motion")) on Plaintiff's two claims against them, and deny Plaintiff's requests for more discovery and to strike certain documents contained within the document Defendants and Judge Cobb construed as Plaintiff's response to the Motion, despite the fact Plaintiff filed the response the day before the Motion. Plaintiff timely filed an objection.[2] (ECF No. 267 ("Objection").) Because the Court fully agrees with Judge Cobb's analysis in the R&R, finds Plaintiff's Objection unpersuasive, and as further explained below, the Court will accept and adopt the R&R in full.

///

---

[1]Dr. Romeo Aranas, Guy Brown, Angela Gregerson, Dr. Scott Manthei, Julie Matousek, Melissa Mitchell, Dwight Neven, and Perry Russell. (ECF No. 266 at 2.)

[2]Plaintiff later filed another document clarifying that his Objection is, indeed, an objection to the R&R. (ECF No. 270.) Defendants filed a response to the Objection. (ECF No. 271.)

1

## II.    BACKGROUND

2      The Court incorporates by reference Judge Cobb's recitation of the background of

3   this case and description of the evidence in the record provided in the R&R, which the

4   Court adopts. (ECF No. 266 at 2, 9-12, 17-21.) As Judge Cobb explains, Plaintiff is

5   proceeding on one claim under the Eighth Amendment for deliberate indifference to his

6   serious medical needs concerning his throat and sinuses as well as a First Amendment

7   retaliation claim related to his allegations concerning medical care for his throat and sinus

8   issues, and a transfer from High Desert State Prison ("HDSP") to Ely State Prison ("ESP").

9   (*Id.* at 2.)

10  ## III.    LEGAL STANDARD

11     This Court "may accept, reject, or modify, in whole or in part, the findings or

12  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

13  timely objects to a magistrate judge's report and recommendation, then the Court is

14  required to "make a de novo determination of those portions of the [report and

15  recommendation] to which objection is made." *Id.* The Court's review is thus de novo

16  because Plaintiff filed his Objection.[3] (ECF No. 267.)

17  ## IV.    DISCUSSION

18     To start, the Court agrees with Judge Cobb's analysis of the Motion he provided in

19  the R&R. Judge Cobb first explains that Plaintiff is not entitled to any additional discovery

20  because he has already been given ample opportunities to conduct discovery. (ECF No.

21  266 at 5-7.) Judge Cobb next explains that he has already ordered sealed the documents

22  Plaintiff states he would like stricken, though Plaintiff presents no valid basis for striking

23

24      [3]Defendants argue the "clearly erroneous" standard of review applies. (ECF No.
    271 at 3.) Defendants are mistaken. Though they are missing a citation, Defendants cite
25  LR IB 3-1(a) for this proposition. (ECF No. 271 at 3.) However, LR IB 3-2(b) is the rule that
    applies here, not LR IB 3-1(a), because the R&R is on a motion for summary judgment.
26  (ECF No. 247.) *See also* 28 U.S.C.A. § 636(b)(1) (stating that a magistrate judge cannot
    finally determine a motion for summary judgment but may enter a report and
27  recommendation upon referral from the district judge that the parties may object to). While
    the fact that Defendants rely on the wrong standard does not change the Court's ultimate
28  decision to adopt the R&R here, the Court admonishes Defendants to rely on and apply
    the standard of review appropriate to the underlying motion.

1   them in any event. (*Id.* at 7.) As to Plaintiff's Eighth Amendment claim, Judge Cobb

2   provides a detailed summary of the evidence before the Court regarding Plaintiff's medical

3   treatment, and then explains how that evidence supports granting Defendants' Motion as

4   to each Defendant. (*Id.* at 8-16.) As to Plaintiff's First Amendment retaliation claim, Judge

5   Cobb similarly explains that the evidence before the Court all suggests the Court should

6   grant the Motion, and Plaintiff's counterarguments are unsupported by the evidence. (*Id.*

7   at 17-22.) Having reviewed the underlying Motion, Plaintiff's response to it, and the

8   evidence attached to both documents, the Court finds that Judge Cobb accurately

9   describes the content of that evidence and reaches conclusions based on it that the Court

10  fully agrees with.

11      Plaintiff's Objection is largely duplicative of the document deemed his response to

12  the Motion. (*Compare* ECF No. 246 *with* ECF No. 267.) And Plaintiff reiterates his

13  conviction in his Objection that he received inadequate medical care for his throat and

14  sinuses in NDOC custody. (*See, e.g.*, ECF No. 267 at 4-5.) However, as Judge Cobb

15  explained in the R&R, that is not the applicable standard. (ECF No. 266 at 8-9.) To survive

16  summary judgment on his Eighth Amendment claim, Plaintiff had to show more than

17  dissatisfaction or disagreement with his medical care—he had to show his medical

18  providers were deliberately indifferent to his serious medical needs. (*Id.*) While there is no

19  real dispute here that Plaintiff's medical needs are serious, the evidence that Judge Cobb

20  considered tends to show Plaintiff received medical care, and the providers who provided

21  Plaintiff with medical care tried to solve his medical issues. (*Id.* at 8-16.) The evidence

22  does not tend to show deliberate indifference. The Court finds that Plaintiff's arguments

23  regarding his Eighth Amendment claim miss the mark, and instead agrees with Judge

24  Cobb that the Court should grant Defendants' Motion as to Plaintiff's Eighth Amendment

25  claim.

26      The same goes for Plaintiff's First Amendment retaliation claim. As to Plaintiff's

27  argument in his Objection that his transfer to ESP from HDSP evidences retaliation, he

28  does not present any evidence that contradicts Defendant Russell's declaration that he

1    was not involved in Plaintiff's transfer to ESP (ECF No. 247-10), or the other evidence

2    Defendants proffered tending to show Plaintiff was transferred because he confessed to

3    having a prison-made weapon in his possession (ECF Nos. 247-2, 247-3 at 2, 247-4 at 13

4    (characterizing the transfer to ESP as a mistake, but nonetheless because of the

5    disciplinary infraction)). Similarly, Plaintiff does not present any evidence to contradict

6    Defendant Mitchell's declaration stating she is not responsible for scheduling outside

7    diagnostic appointments, rendering Plaintiff's allegation that she retaliated against him by

8    not scheduling a CAT scan unsupported by the evidence. (ECF No. 247-9.)

9         More broadly, and in line with the R&R, Defendants' arguments they present in their

10   Motion are generally supported by the evidence they proffer, while Plaintiff's arguments in

11   response and in his Objection are not, though he attached many pages of exhibits with

12   annotations to both documents. Even the Court's careful and repeated review of those

13   exhibits did not yield any evidence that supported Plaintiff's claims. The Court further finds

14   Plaintiffs' repeated assertions that documents were somehow fabricated and used against

15   him unsupported. Plaintiff's allegations regarding the claims he is proceeding on are

16   simply unsupported by the evidence before the Court.

17        In sum, Plaintiff's Objection is overruled. The Court accepts and adopts the R&R in

18   full.

19   **V.    CONCLUSION**

20        The Court notes that the parties made several arguments and cited to several cases

21   not discussed above. The Court has reviewed these arguments and cases and determines

22   that they do not warrant discussion as they do not affect the outcome of the issues before

23   the Court.

24        It is therefore ordered that Plaintiff's objection (ECF No. 267) to the Report and

25   Recommendation of U.S. Magistrate Judge William G. Cobb is overruled. The Report and

26   Recommendation of U.S. Magistrate Judge William G. Cobb (ECF No. 266) is accepted

27   and adopted in full as provided herein.

28        It is further ordered that Defendants' motion for summary judgment (ECF No. 247)

1    is granted.

2        It is further ordered that Plaintiff's request under Rule 56(d) is denied as stated in

3    the R&R. (ECF No. 266 at 5-7.)

4        It is further ordered that Plaintiff's request to strike certain documents is denied as

5    stated in the R&R. (ECF No. 266 at 7.)

6        The Clerk of Court is directed to enter judgment accordingly and close this case.

7        DATED THIS 9th Day of August 2021.

8

9    _____

10   MIRANDA M. DU
     CHIEF UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28